NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**CALVIN J. MOSLEY,**
*Petitioner*

**v.**

**DEPARTMENT OF VETERANS AFFAIRS,**
*Respondent*

---

2016-1240

---

Petition for review of the Merit Systems Protection Board in No. CH-0752-10-0469-C-1.

---

Decided: April 8, 2016

---

CALVIN J. MOSLEY, Gary, IN, pro se.

SCOTT MACGRIFF, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., STEVEN J. GILLINGHAM.

---

Before LOURIE, MOORE, and CHEN, *Circuit Judges.*

PER CURIAM.

Calvin J. Mosley ("Mosley") appeals from the decision of the Merit Systems Protection Board ("Board") denying his petition for review of the administrative judge's ("AJ") denial of his petition for enforcement. *Mosley v. Dep't of Veterans Affairs*, 122 M.S.P.R. 659 (2015) (Table); *see also* Resp't's App. ("App.") 1–6. Because the Board's decision contains no legal error and is supported by substantial evidence, we affirm.

## BACKGROUND

In April 2006, Mosley was hired on a temporary basis as a social worker at the Department of Veterans Affairs ("the agency") veterans' center in Gary, Indiana. He was converted to a permanent employee in May 2008, but in March 2010, he was terminated for failure to obtain the necessary licensure. App. 43–44.

Mosley appealed his removal to the Board, but shortly before the hearing, he entered into a settlement agreement ("2011 agreement") with the agency. App. 34–36. Pursuant to the 2011 agreement, Mosley agreed to withdraw his "complaints, grievances, MSPB appeals, and all other causes of action against the VA in any forum," and further "waive[d] his right to pursue any and all future causes of action." App. 34 ¶ 1. In exchange, the agency agreed to "remove the Standard Form 50 (SF-50) from Mr. Mosley's Official Personnel File reflecting his removal and replace it with an SF-50 reflecting that [Mosley] voluntarily resigned from the Agency for personal reasons," and to refrain from objecting to any application Mosley might file for unemployment insurance benefits. App. 34 ¶¶ 2–3. The AJ accepted the 2011 agreement "as lawful on its face and entered into freely by both parties," entered it into the record, and dismissed Mosley's appeal. App. 27–28.

Soon thereafter, Mosley filed a petition for review by the full Board, claiming that the agency failed to provide

him with a copy of his new SF-50, and requesting $5,000 to compensate for alleged duress. App. 70–73. The Board denied the petition for review, finding that (1) the agency complied with the terms of the 2011 agreement, and in fact mailed a copy of the new SF-50 to Mosley; (2) Mosley could not show that the 2011 agreement was unlawfully or involuntarily entered into, and thus could not convince the Board to set aside the 2011 agreement; and (3) "nothing in the [2011] agreement can be read as entitling the appellant to $5,000.00, or to any monetary sum for that matter." App. 19. Mosley did not appeal from that decision.

In 2015, Mosley filed a new petition for enforcement at the Board, claiming that the agency breached the 2011 agreement when it failed to pay him one year's salary or offer any monetary award. App. 8–9. He did not otherwise challenge the agency's compliance with the agreement. App. 3 ¶ 3. Additionally, Mosley asked the Board to invalidate the 2011 agreement and to reopen his earlier appeal. App. 9.

The AJ declined to address Mosley's request to invalidate the 2011 agreement and reopen the appeal because the agreement's validity had been adjudicated and upheld by the Board once before, a matter which Mosley did not further appeal. *See* App. 9. The AJ then found that the agency did not breach the 2011 agreement, for the agreement did not require the agency to pay any monies, only to revise the SF-50 and to refrain from challenging any future request for unemployment benefits: "Mosley cannot ask the Board to enforce any term or provision that is not in the settlement agreement." App. 11. Accordingly, the AJ dismissed Mosley's petition for enforcement. App. 11.

Mosley petitioned the full Board for review of the AJ's denial, and the Board denied the petition. App. 1. It first reasoned that res judicata barred Mosley from challenging the validity of the 2011 agreement, a matter that had

been formally and finally adjudged.  App. 3 ¶ 4.  It then found that the 2011 agreement did not require the agency to pay Mosley any monies, and thus the agency could not be in breach of the agreement for failing to pay any monies that Mosley demanded.  App. 4 ¶ 7.

Mosley timely appealed to this court.  We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

Our review of a Board decision is limited.  We can only set aside the decision if it was "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence."  5 U.S.C. § 7703(c).

In his informal appeal brief, Mosley first argues: "For the MSPB communication–syntax–grammer [sic] translations within the document are with void terms of the constitution–contract between these two–or–more persons within the document."  Pet'r's Informal Appeal Br. 1.  To the extent Mosley is challenging the validity of the 2011 agreement, *see* App. 87–90, we agree with the Board that his challenge is barred by res judicata.

Res judicata applies to bar a claim where (1) the parties are identical or in privity; (2) the first suit proceeded to a final judgment on the merits in a forum of competent jurisdiction; and (3) the second claim is based on the same set of transactional facts as the first.  *See Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 n.5 (1979); *Carson v. Dep't of Energy*, 398 F.3d 1369, 1375 (Fed. Cir. 2005).  As the Board found, all three criteria are satisfied here.  The parties are identical: both actions involve Mosley and the agency.  The second claim is based on the same facts as the first: in both suits, Mosley contests the validity of the same 2011 agreement based on the same set of facts.  *See, e.g.*, Resp't's Br. 6.  Last, the first suit proceeded to a final

judgment on the merits: the AJ found, and the full Board affirmed, that the 2011 agreement was "lawful on its face and freely entered into by both parties." App. 19. Mosley chose to forego any further challenge of the Board's decision at that time. Accordingly, the Board correctly determined that res judicata precludes Mosley from relitigating the validity of the 2011 agreement.

Next, Mosley further asserts: "MSPB neglectful–use of the fictional–contract–language with the correctional–pleading by the claimant." Pet'r's Informal Appeal Br. 1. To the extent Mosley argues that the agency breached the 2011 agreement by failing to pay him a monetary award, *see* App. 90–93, we find that argument unpersuasive.

In order to prevail on a breach of a settlement agreement claim, Mosley must show material noncompliance by the agency with the terms of the agreement. *See, e.g.*, *Gilbert v. Dep't of Justice*, 334 F.3d 1065, 1071 (Fed. Cir. 2003). The 2011 agreement at issue here only requires the agency to do two things: (1) replace the SF-50 form in Mosley's personnel file with one reflecting his voluntary resignation; and (2) not object to any application Mosley files for unemployment benefits. App. 34 ¶¶ 2–3. Notably, it does not require the agency to pay Mosley a monetary award. *See* App. 34–36. Indeed, by signing the 2011 agreement, Mosley waived "any and all rights to seek . . . any other remedies for any matters arising out of or related to his employment with the Agency." App. 34 ¶ 2. In view of such an agreement, Mosley cannot now contend that the agency's failure to pay a monetary award constituted a breach. As the AJ stated, "Mosley cannot ask the Board to enforce any term or provision that is not in the settlement agreement." App. 11. Because Mosley does not otherwise challenge the agency's compliance with the 2011 agreement, *see* App. 3 ¶ 3, we affirm the Board's conclusion that the agency did not breach the agreement.

CONCLUSION

We have considered the remaining arguments raised in Mosley's informal appeal brief, but we find them unpersuasive. For the reasons set forth above, the decision of the Board is affirmed.

**AFFIRMED**